UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LOVEDEEP SINGH DHANOA,

      Defendant.

_____/

No. 1:21-CR-180

Hon. HALA Y. JARBOU
U.S. District Judge

PLEA AGREEMENT

This constitutes the plea agreement between Lovedeep Singh Dhanoa and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty.** Defendant agrees to plead guilty to Count 4 of the Indictment. Count 4 charges Defendant with mail fraud in violation of Title 18, United States Code, Section 1341.

2. **Defendant Understands the Crime.** In order for Defendant to be guilty of violating Title 18, United States Code, Section 1341, the following must be true: (1) Defendant knowingly participated in a scheme to defraud another person of money or property; (2) the scheme to defraud involved a material misrepresentation or concealment of a material fact; (3) Defendant had the intent to defraud; and (4) Defendant used, or caused another person to use, the United States mail or private or commercial interstate carriers in furtherance of the scheme to defraud. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1341, is the following: 20 years of imprisonment; a 3-year period of supervised release; a fine of $250,000.00, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4. <u>Mandatory Restitution (MVRA)</u>. Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees that the restitution order is not restricted to the amounts alleged in the count to which Defendant is pleading guilty. Defendant acknowledges that any payment plan set by the Court does not prohibit the United States from collecting restitution beyond the installments set forth in the payment plan, until restitution is collected in full. Defendant agrees to fully and truthfully complete a Financial Disclosure Statement and to submit the statement to the Financial Litigation Unit of the U.S. Attorney's Office within thirty days of executing this agreement.

5. <u>Asset Forfeiture and Financial Accountability.</u> Defendant agrees to disclose to law enforcement officials the whereabouts of, the Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the

commission of Defendant's illegal activities. Defendant further agrees to forfeit all rights, title, and interest in and to such items.

Defendant agrees to forfeit to the United States the sum of $16,200, which represents the proceeds Defendant obtained as a result of his participation in the mail fraud scheme charged in the indictment.

Defendant consents to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). Defendant acknowledges that the proceeds he obtained, directly or indirectly from the mail fraud scheme, were used for normal living expenses during a time period he was struggling to make ends meet. As such, Defendant agrees that his criminal proceeds cannot be located upon the exercise of due diligence and have been commingled with other property which cannot be divided without difficulty.

The U.S. Attorney's Office agrees to submit a restoration request to the Department of Justice Money Laundering and Asset Recovery Section for the application of any proceeds from such forfeited property towards Defendant's restitution order. Defendant acknowledges that the Department of Justice Money Laundering and Asset Recovery Section has the sole authority to grant or deny the restoration request and that the submission of such a request by the U.S. Attorney's Office does not guarantee that such request will be granted.

6. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

From approximately June 2017 until October 2019, Defendant defrauded Amazon's textbook rental program and caused a loss of approximately $63,000.

Defendant defrauded Amazon by creating numerous textbook rental accounts through the internet, renting textbooks, and then selling the textbooks for a profit when he should have returned the textbooks or paid the agreed upon buy-out price. Defendant caused Amazon to ship the textbooks through the United States Postal Service or across state lines using private commercial carriers.

Defendant learned the scheme to defraud from co-defendant Geoffrey Talsma, who initially shipped fraudulently obtained textbooks to an address where Defendant resided to avoid detection by Amazon. Later, Talsma taught Defendant how to commit the fraud by creating multiple Amazon accounts, using multiple email addresses, variations of street addresses, and other methods to circumvent Amazon's limit of only fifteen rental textbooks for each customer. Defendant and Talsma then ordered substantial numbers of Amazon rental textbooks and shipped them to one another, and to various drop-point locations, to avoid detection. With respect to count 4 of the Indictment, Talsma used an email address belonging to Defendant to order textbooks through an account bearing a fake name, "Jeff Teellema," using the internet protocol address assigned to Talsma's home at 2206 Rosewood Avenue, Portage, Michigan, and shipped the textbooks to his home using a fake version of his girlfriend's name, "Lisha Breuner."

By taking these steps, each time Defendant and Talsma created new accounts they represented to Amazon that they were a new Amazon customer, when in truth and in fact, they were the same person who had already exceeded the limit of fifteen rental textbooks per customer. Defendant aided and abetted Talsma, who sold the textbooks over the internet and at various bookstores, including a bookstore in Kalamazoo, Michigan.

7. <u>Cooperation in Criminal Investigations</u>. Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the United States Postal Inspection Service, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators'

questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

9. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10. <u>Non-Prosecution Agreement</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of his participation in the scheme to defraud Amazon as alleged in the indictment, provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

11. <u>Protection for the Proffered/Cooperative Statements</u>. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer, and any information provided pursuant to Defendant's promise

to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer. It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

12. <u>Possibility of Sentence Reduction Motions</u>. The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the Government, would decide how much of a sentence reduction Defendant receives based upon the nature and extent of

Defendant's assistance. Defendant acknowledges and agrees that Defendant may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

13. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

14. <u>The Parties Jointly Agree to the Following</u>:

    a. <u>Stipulations Regarding Guideline Factors</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 7 | USSG § 2B1.1 |
| Specific Offense Characteristics | | |

| Loss over $40,000 | 6 | USSG § 2B1.1(b)(1)(D) |
| Sophisticated Means | 2 | USSG § 2B1.1(b)(10) |
| Adjustments | 0 | |
| Adjusted Offense Level | 15 | |

Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate.

  b. <u>Stipulations Regarding Criminal History</u>. There is no agreement as to the Defendant's criminal history or criminal history category.

  c. <u>Stipulations Not Binding in Court</u>. The Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

  15. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no

trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

16. <u>Waiver of Other Rights</u>.

   a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

   b. <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

   i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

   ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

   iii. the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

   iv. the guilty plea was involuntary or unknowing;

   v. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

   If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

17. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the

sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

18.  **This Agreement is Limited to the Parties**. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19.  **Consequences of Breach**. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant

further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

20. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

21. <u>Deadline for Acceptance of Agreement</u>. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by 12/31/2021, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

ANDREW BYERLY BIRGE
United States Attorney

1-3-2022
_____
Date

_____
RONALD M. STELLA
Assistant United States Attorney

13

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

12/22/21
Date

LOVEDEEP SINGH DHANOA,
Defendant

I am Lovedeep Singh Dhanoa's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12/28/2021
Date

GEOFFREY UPSHAW
Attorney for Defendant

14